United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABBAS EGHTESADI,

    Plaintiff,

v.

A. ADAMS, et al.,

    Defendants.

Case No. 14-cv-04806-JCS (PR)

**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against medical staff at Soledad State Prison. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before May 4, 2015.[1]

# DISCUSSION

**A.    Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Compl. at 4.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

§ 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that medical staff at Soledad State Prison, in particular S. Denia, a nurse, provided constitutionally inadequate medical care for his spine, resulting in continued pain and suffering. He alleges that he was deprived of his preferred pain medications (and at times, of any pain medication), an MRI, and a consultation with a specialist.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974

2

F.2d 1050, 1060 (9th Cir. 1992).

Under the *Farmer* standard, it appears that plaintiff has stated a claim that he has a serious medical condition that, in his opinion, was not treated properly. However, he fails to relate the alleged constitutional deprivation to the specific acts of specific persons. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Plaintiff has not met the *Leer* standard. Specifically, he has not alleged specific facts showing a causative link between the duties and responsibilities of particular defendants to particular acts. As noted above, the *Farmer* standard requires that a prison official have acted or failed to act and that harm resulted from this act or failure. Plaintiff must provide such allegations, including specific details as to the action of each defendant (including names, dates, statements made), what treatment was provided by which defendant or person and why that treatment was constitutionally inadequate. Plaintiff will be given an opportunity to address these concerns. Accordingly, the complaint will be dismissed with leave to amend.

## CONCLUSION

The complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before May 4, 2015.** The first amended complaint must include the caption and civil case number used in this order (14-4806 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d

3

1 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior

2 complaint by reference.  Failure to file an amended complaint in accordance with this

3 order will result in dismissal of this action without further notice to plaintiff.

4     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

5 informed of any change of address by filing a separate paper with the clerk headed "Notice

6 of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

7 for an extension of time to do so.  Failure to comply may result in the dismissal of this

8 action pursuant to Federal Rule of Civil Procedure 41(b).

9     The Court notes that the filing fee has been paid.

10 **IT IS SO ORDERED.**

11 **Dated:**  March 31, 2015

                                        JOSEPH C. SPERO
                                   Chief United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABBAS EGHTESADI,

    Plaintiff,

v.

A. ADAMS, et al.,

    Defendants.

Case No. 14-cv-04806-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/31/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Abbas Eghtesadi ID: T-87986
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Dated: 3/31/2015

Richard W. Wieking
Clerk, United States District Court

By: /s/ Karen L. Hom
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

5